IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY BENJAMIN,  No. CIV S-08-0995-WBS-CMK-P

    Plaintiff,

  vs.  ORDER

JAMES A. YATES, et al.,

    Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following 24 individuals as defendants:  Yates, Walker, Malfi, Nielson, Zuber, Joseph, Sims, Westmoreland, Ewing, Grannis, Patrick, Ward, Defrance, Daylay, Diaz, Tucker, Henadez, Redding, Jeminez, Hatten, Lopez, Grava, Rangel, Lawson, and Black.[1] Plaintiff claims that he was sexually assaulted by defendant Lawson on two separate occasions while plaintiff was housed in "A" Facility at Pleasant Valley State Prison ("PVSP") when she forced plaintiff to have sex with her.  He further asserts that defendant Lawson "killed another inmate and attempted to poison plaintiff with drugs and took advantage of his mental health."

He states that, in August 2006, he filed an inmate grievance to report the assaults but that defendants Walker, Malfi, Nielson, Zuber, Joseph, Sims, Westmoreland, Grannis, Yates, Patrick, Defrance, Daylay, Diaz, Tucker, Henadez, Redding, Jeminez, Hatten, Lopez, Grava, Rangel, and Black "did an absolutely pathetic and superficial job investigating plaintiff allegations of sexual misconduct involving defendant Lawson."

/ / /

/ / /

/ / /

---

[1] The Clerk of the Court will be directed to update the docket to add Joseph as a named defendant.

2

1  He also alleges that "defendants herein," without specifying which defendants,
2  "allowed defendant Lawson . . . in 'A' Facility at (PVSP)" and that "[t]his was done on
3  conscious disregard of the safety of plaintiff."  He does not state whether this was before or after
4  the alleged assaults by defendant Lawson.   Plaintiff adds that he was subjected to retaliation
5  "[a]s a direct result of CDCR prison officials, failure to properly investigate plaintiff's serious
6  allegations."  He claims that "it appears that some prison staff were attempting to cover up, the
7  seriousness of these allegations, by using plaintiff's history of mental illnesses against him."
8  Finally, plaintiff claims that defendants failed to provide medical care following the alleged
9  sexual assaults.

## II.  DISCUSSION

Plaintiff's complaints fails to allege how each of the named defendants – except Lawson – participated in the alleged constitutional violation(s).  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

1   Supervisory personnel are generally not liable under § 1983 for the actions of their
2   employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no
3   respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional
4   violations of subordinates if the supervisor participated in or directed the violations, or had actual
5   knowledge of the violations and failed to act to prevent them.  See id.  When a defendant holds a
6   supervisory position, the causal link between him and the claimed constitutional violation must
7   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
8   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the
9   involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey, 673
10  F.2d at 268.

11  The only time plaintiff mentions defendants other than Lawson by name is in
12  paragraph 12 of the complaint where he alleges that they "did an absolutely pathetic and
13  superficial job" investigating the alleged sexual assaults.  He does not, however, provide any
14  specificity.  Such vague and conclusory allegations are insufficient.  Plaintiff must state how each
15  named defendant participated in the alleged violation(s) of his constitutional rights.

### III.  CONCLUSION

18  Because it is possible that the deficiencies identified in this order may be cured by
19  amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d
20  1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an
21  amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
22  1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the
23  prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.
24  An amended complaint must be complete in itself without reference to any prior pleading.  See
25  id.
26  ///

1  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
each named defendant is involved, and must set forth some affirmative link or connection
between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim against
defendant Lawson based on excessive force, if no amended complaint is filed within the time
allowed therefor, the court will issue findings and recommendations that the claims identified
herein as defective be dismissed, as well as such further orders as are necessary for service of
process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to add Joseph as a
named defendant; and

2. Plaintiff may file a first amended complaint within 30 days of the date of
service of this order.


DATED: September 12, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE