IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY BENJAMIN, | No. CIV S-08-0995-WBS-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JAMES A. YATES, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 10).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following 24 individuals as defendants:  Yates, Walker, Malfi, Nielson, Zuber, Joseph, Sims, Westmoreland, Ewing, Grannis, Patrick, Ward, Defrance, Daylay, Diaz, Tucker, Henadez, Redding, Jeminez, Hatten, Lopez, Grava, Rangel, Lawson, and Black.[1]  Plaintiff alleges that, while housed at Pleasant Valley State Prison ("PVSP") "Defendant A. Lawson forced plaintiff to have sex with her."  He asserts that he was "poisoned, given drugs, and taken advantage of due to his mental health problems."  He claims that he was "forced to have sex with Defendant Lawson over and over again with her analy [sic]."

As to defendants other than Lawson, plaintiff claims that defendants Yates, Patrick, Ward, Defrance, Daylay, Diaz, Tucker, Henadez, Redding, Jiminez, Hatten, Lopez, Grava, Rangel, and Black "were aware of Defendant Lawson's sexual assault upon Plaintiff and failed to protect Plaintiff from her sexual misconduct."  Plaintiff asserts that these defendants were made aware of defendant Lawson's alleged conduct because he "reported Defendant Lawson's sexual misconduct against Plaintiff to said defendants. . . ."  He adds that defendants Walker, Malfi, Nielson, Zuber, Joseph, Sims, Westmoreland, Grannis, Yates, Patrick, Defrance, Daylay, Diaz, Tucker, Henadez, Redding, Jiminez, Hatten, Lopez, Grava, Rangel, and Black

---

[1] These are the same defendants named in the original complaint.

2

"willfully and unlawfully attempted to cover up Defendant Lawson's sexual misconduct against Plaintiff by doing an absolutely pathetic and superficial job investigating Plaintiff's allegations of sexual misconduct." Plaintiff also states that defendants Walker, Malfi, Nielson, Zuber, Joseph, and Ewing "materially failed to ensure that Plaintiff was provided with medical and mental health care after the sexual assault by Defendant Lawson." He adds that defendants Walker, Yates, Malfi, Nielson, Zuber, Joseph, Patrick, Ward, Defrance, and Daylay "were supervisory CDCR personnel and who failed to provide proper supervision to Defendant Lawson, resulting in Plaintiff being denied proper medical and mental health treatment following the sexual assault by Defendant Lawson."

## II.  DISCUSSION

Plaintiff's current allegations with respect to defendant Lawson are substantially similar as those set forth in the original complaint. In an order issued on September 16, 2008, the court concluded that plaintiff had stated a claim against defendant Lawson for violation of the Eighth Amendment. The amended complaint also states a claim against defendant Lawson.[2]

As to all the remaining defendants, however, the court concluded that plaintiff had not stated a claim. Specifically, the court stated:

> Plaintiff's complaints fails to allege how each of the named defendants – except Lawson – participated in the alleged constitutional violation(s). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

---

[2] By separate order the court will direct plaintiff to submit documents for service of process on defendant Lawson.

F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268.

The only time plaintiff mentions defendants other than Lawson by name is in paragraph 12 of the complaint where he alleges that they "did an absolutely pathetic and superficial job" investigating the alleged sexual assaults. He does not, however, provide any specificity. Such vague and conclusory allegations are insufficient. Plaintiff must state how each named defendant participated in the alleged violation(s) of his constitutional rights.

Plaintiff attempts to cure the defect identified in the prior order by listing the names of the remaining defendants in his amended complaint, and then stating that they "were aware of Defendant Lawson's sexual assault upon Plaintiff and failed to protect Plaintiff from her sexual misconduct," "willfully and unlawfully attempted to cover up Defendant Lawson's sexual misconduct against Plaintiff by doing an absolutely pathetic and superficial job investigating Plaintiff's allegations of sexual misconduct," "materially failed to ensure that Plaintiff was provided with medical and mental health care after the sexual assault by Defendant Lawson," and "were supervisory CDCR personnel and who failed to provide proper supervision to Defendant Lawson, resulting in Plaintiff being denied proper medical and mental health treatment following the sexual assault by Defendant Lawson."

These vague and conclusory allegations against the remaining defendants, however, are insufficient. Plaintiff has failed to set forth facts as to each individual defendant's causal role such as would give the defendants fair notice of the factual grounds upon which plaintiff's claim rests. Despite having been apprised of the applicable legal standards, plaintiff

appears either unable or unwilling to set forth sufficiently specific facts as to any defendant other than defendant Lawson.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to further leave to amend prior to dismissal of all defendants except Lawson.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that all defendants, except defendant Lawson, be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 28, 2008

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE